**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| **PETER ALVAREZ** | | : | |
| | **Plaintiff** | : | **CIVIL ACTION** |
| | | : | **No.** |
| **v.** | | : | |
| | | : | |
| **WEAVER POPCORN** | | : | |
| **MANUFACTURING, INC.;** | | : | **JURY TRIAL DEMANDED** |
| **SPHERION STAFFING LLC** | | : | |
| **d/b/a SPHERION** | | : | |
| | **Defendants** | : | |

## CIVIL ACTION COMPLAINT

### I.    PARTIES

1.    Peter Alvarez (hereinafter "Plaintiff") is an adult individual and a citizen of the Commonwealth of Pennsylvania, residing in Pennsylvania.

2.    Weaver Popcorn Manufacturing, Inc. (hereinafter "Weaver" and/or "Defendant") is a corporation that is duly registered, organized and incorporated under the laws of the State of Indiana, with its headquarters and principal place of business located in the State of Indiana.

3.    Spherion Staffing LLC d/b/a Spherion (hereinafter "Spherion" and/or "Defendant") is a corporation duly registered, organized, and incorporated under the laws of the State of Delaware.

4.    Defendants Weaver and Spherion acted as co-employers to the Plaintiff, as he secured his employment with Defendant Weaver Popcorn Manufacturing, Inc. through Spherion Staffing LLC.

5.    At all times material and relevant to this complaint, Defendants were acting by and through their agents, servants, workmen, employees and/or representative who were acting within the course and scope of their employment and/or agency with Defendants.  The conduct,

action and/or omissions of the agents, servants, workmen, employees and/or representatives of Defendants is imputed to Defendants, and Defendants are fully liable for the conduct, action and/or omissions for their agents, servants, workmen, employees and/or representatives.

## II.    JURISDICTION AND VENUE

6.    Subject matter jurisdiction is appropriate in this Court because this Court has diversity jurisdiction over Plaintiff's claims. Personal jurisdiction is appropriate because the Court has general jurisdiction over the Defendants and specific jurisdiction over matters arising out of Plaintiff's employment.

7.    Venue is appropriate for this action because this is the vicinage where the events underlying this matter took place.

## III.    UNDERLYING FACTS

8.    Plaintiff worked for the Defendants.

9.    During the course and scope of his employment, Plaintiff tested positive for COVID-19.  Plaintiff received a positive test result and notified his job immediately.

10.    Pursuant to national, state, and local health guidelines and clear mandates of public policy, Plaintiff took himself out of work in order to quarantine, and provided the appropriate medical information to the Defendants.

11.    Initially, Plaintiff was told by Defendants that he would be notified about the process for returning to work.

12.    Instead, three days later, on March 31, 2021, Defendants terminated Plaintiff.

13.    Plaintiff was terminated for following the clear mandates of public policy of isolating himself and following COVID-19 safety guidelines.

14.    Defendants' given reason for Plaintiff's termination was pretextual, and he was actually wrongfully discharged in violation of Pennsylvania public policy.

## COUNT ONE
## WRONGFUL TERMINATION/ WRONGFUL DISCHARGE

15.    Plaintiff, Peter Alvarez, incorporates herein, by reference thereto, paragraphs one through fourteen, inclusive, as though the same were set forth herein at length.

16.    Defendants, through their agents, employees and/or servants, were made aware of plaintiff's work-related injury.

17.    Plaintiff was wrongfully terminated/discharged because Plaintiff followed the clear mandate of public policy regarding COVID-19 in the Commonwealth of Pennsylvania.

18.    Defendants, through Plaintiff's managers and supervisors, were aware that Plaintiff's actions were in accordance with the clear mandate of public policy regarding COVID-19, yet chose to retaliate against Plaintiff.

19.    There was no legitimate reason to terminate the Plaintiff, other than retaliation.

20.    The actions and/or conduct in terminating/firing Plaintiff for following applicable safety guidelines related to the COVID-19 pandemic abridges a significant and recognized public policy.

21.    As a direct result of the actions and/or conduct of Defendants, Plaintiff suffered serious and continuing damages and injuries including, but not limited to, loss of income, benefits, damage to his reputation, and emotional pain and suffering.

22.    The actions and conduct of Defendants were willful and malicious and were undertaken for the purpose of depriving Plaintiff of his legal rights.

**WHEREFORE**, Plaintiff respectfully requests compensatory damages against Defendants in excess of $75,000, together with punitive damages, as well as costs, interest, and other relief the Court may deem appropriate under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury.

**MALAMUT & ASSOCIATES, LLC**

/s/ Mark R. Natale
Mark R. Natale, Esquire – PA ID 316939
*Attorneys for Plaintiff, Peter Alvarez*
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-295-4888 (f)
mnatale@malamutlaw.com